```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :
KENNETH N. BOUDREAU, JR.             :      BK No. 10-14158
          Debtor                            Chapter 7

- - - - - - - - - - - - - - - - - -x
KENNETH N. BOUDREAU, JR.             :
          Plaintiff

v.                                   :      A.P. No. 10-1092

OPTION ONE MORTGAGE CORPORATION,     :
et al
          Defendants
- - - - - - - - - - - - - - - - - -x
```

**ORDER**

The Debtor filed a Chapter 7 petition on October 2, 2010, and thereafter filed the above captioned adversary proceeding against the Defendants.  Secured creditor Deutsche Bank National Trust Company (the "Bank") filed a Motion for Relief from Stay, for leave to continue with eviction proceedings that are pending against the Debtor in the Rhode Island Second Division District Court.

The Bank had purchased the Debtor's residence at 11 Echo Lane, Portsmouth, Rhode Island (the "Property"), at foreclosure on February 29, 2008.  The deed was recorded on March 13, 2008.  The Debtor alleges, with virtually no explanation or support, that the foreclosure sale was legally deficient and should be declared "null and void."  At the hearing on the Bank's Motion for Relief from Stay, the parties, with the Court's tacit approval moved informally but consensually into a discussion involving allegations in the

BK 10-14158; A.P. No. 10-1092

Debtor's complaint against Deutsche Bank and Option One.  The status of the pending (and identical) state court litigation, and whether abstention by this Court was appropriate in the circumstances, also became a subject of discussion.

The Debtor argued that his complaint should be heard anew in the Bankruptcy Court because his house is property of the estate, and that this Court should hear and adjudicate the dispute even though the relevant issues involve questions of state law. Deutsche Bank argues that in the state court proceedings have been extensively litigated, discovery is complete, hearings have been held and decided, and that the matter is ready for hearing and disposition on the eviction issue.[1]

The Debtor seeks, among other things, a declaratory judgment that the Debtor still owns the Property, that the auction held on February 29, 2008, should be declared void, and that the deed recorded by Deutsche Bank be declared void,[2] on the ground that the notices, procedures, and resulting foreclosure "did not comply with Rhode Island foreclosure law," and that the attorney conducting the

---

[1] A hearing in the District Court had been scheduled for October 4, 2010, but was stayed by this bankruptcy filing.

[2] While the Debtor also wants rescission of the original mortgage with Option One, he provides no facts or legal grounds upon which to consider rescission.  This claim is haphazardly thrown in along with the Debtor's other unsupported requests for relief, with no facts or authority included in the complaint or at oral argument to show how or why rescission is appropriate.

2

BK 10-14158; A.P. No. 10-1092

sale "may have violated rules of Professional Conduct." Vague assertions like these, which unfairly present the opposing party with a constantly moving target, do not provide a serious basis for derailing state court process wherein the Debtor's arguments have already been litigated and adjudicated.

28 U.S.C. § 1334(c)(1) gives bankruptcy courts broad discretion to entertain matters that involve primarily state law issues:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> 28 U.S.C. § 1334(c)(1) (2010).

While no Section 1334(c)(2) request for relief is pending here, because: (1) discovery is complete; (2) the eviction hearing has already been scheduled but cancelled due to this bankruptcy; and because the state court litigation has been substantially completed, this Court sua sponte concludes that abstention is clearly the way to go in the circumstances.

Based upon all of the foregoing, and in the interest of judicial economy, this Court will, and does, abstain from hearing this adversary proceeding. If, in hindsight, it appears that this Order was entered improvidently, i.e., if the state court litigation does not proceed as anticipated, then the forum issue

3

BK 10-14158; A.P. No. 10-1092

may be revisited and addressed here by either party, for cause shown.

    Entered as the Order of this Court.

    Dated at Providence, Rhode Island, this 21st day of December, 2010.

                                      Arthur N. Votolato
                                      U.S. Bankruptcy Court

Entered on docket: 12/21/10